UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| THOMAS G. DRAUSCHAK, Jr. | : | |
| Debtor | : | Bankruptcy No. 12-17697 |

| | | |
|---|---|---|
| THOMAS G. DRAUSCHAK, Jr. | : | |
| | : | |
| Plaintiff | | |
| v. | : | |
| VMP HOLDINGS ASSOCIATION, L.P. | : | Adversary No. 12-0544 |
| et al. | | |
| Defendants | : | |

.................................................

MEMORANDUM

.................................................

Before me is a motion filed by defendants Vincent Piazza Sr., Piazza

Family L.P., Piazza Management Corporation, VMP Holdings Associates, L.P., and VMP

Holdings, LLC (hereinafter the Piazza defendants) seeking to remand this proceeding

back to state court pursuant to 28 U.S.C. § 1452(b) or, in the alternative, to abstain from

determining this adversary proceeding under 28 U.S.C. § 1334(c).  This motion was

joined by defendants, Richard J. Meadows, W. Joseph Liberato, and Thomas F. Alloy,

and also by defendant Sovereign Bank.

The plaintiff, Thomas G. Drauschak, Jr., opposes remand or abstention.  He

maintains that this adversary proceeding should be determined in this bankruptcy forum.

The parties submitted memoranda in support of their respective positions and presented oral argument. The following material undisputed facts are derived from their submissions, particularly the pleadings, state court orders, and state court docket entries.

I.

On September 14, 2010, Mr. Drauschak, acting individually and as a shareholder, partner and member of more than 25 entities, filed a civil action against 12 named defendants in the Pennsylvania Court of Common Pleas located in Chester County. This civil action was assigned to the docket of the Honorable Jacqueline C. Cody.

In essence, Mr. Drauschak's second amended complaint (375 paragraphs and 68 pages long), filed in May 2011, alleged that he—acting individually and through existing or newly created limited partnerships or limited liability companies—and Vincent Piazza, Sr., acting through a Piazza-controlled entity, agreed to develop commercial and residential real estate projects in Montgomery and Chester County, Pennsylvania. Funding for these projects came primarily from Sovereign Bank and Susquehanna Bank. Messrs. Drauschak and Piazza provided personal guarantees for these loans.

Mr. Drauschak second amended complaint avers that the Piazza defendants and other defendants failed to tender promised compensation, and improperly attempted to eliminate his interests in those various developmental entities or to make his interests

2

worthless, and in so doing breached contracts as well as their fiduciary duties, converted property, and tortiously interfered with existing and prospective contracts or improperly aided and abetted those who so acted.

Raising 14 separate causes of action under Pennsylvania law, Mr. Drauschak sought damages, injunctive and declaratory relief, an accounting, the appointment of a receiver, and the "imposition of a constructive trust."

The defendants filed answers to this complaint denying Mr. Drauschak's entitlement to any relief.  They contended that Mr. Drauschak mismanaged the construction projects resulting in loan defaults, and Mr. Piazza acted appropriately under his guarantee agreement and state law.  Moreover the Piazza defendants also asserted 10 state law counterclaims seeking damages for alleged conversion, breach of contract, and breach of fiduciary duties, as well as the imposition of a constructive trust.  In addition, certain of the Piazza defendants asserted contribution cross-claims against certain other defendants.  The parties agree that the Piazza defendants have demanded trial by jury. Mr. Drauschak contends that they have no state law jury trial rights.

Since its commencement, Judge Cody has issued numerous orders in connection with this litigation including: staying certain execution sales, overruling a defendant's preliminary objections, denying plaintiff's request to consolidate this litigation with other state court litigation, and addressing numerous discovery disputes.  In May 2012, she approved a stipulation dismissing defendants Vincent Piazza, Jr., Daniel Piazza, and Richard Orlow.  In addition, in September 2011, the state court directed Mr. Drauschak to return approximately $330,000 he withdrew from an account with Malvern Savings Bank.  In November 2011, Mr. Drauschak was held in civil contempt and placed

on six months probation, and ordered to pay $2,000 per month beginning in December 2011. In December 2011, certain defendants were awarded almost $30,000 in counsel fees against Mr. Drauschak.

By order dated May 14, 2012, Judge Cody issued a revised scheduling order setting deadlines for completing discovery by July 15, 2012, directing the exchange of expert reports to occur in August 2012, requiring any dispositive motions to be filed by September 1, 2012, and notifying the parties that "[t]his case shall be deemed trial ready as of October 15, 2012."

On or about July 23, 2012, the state court scheduled a hearing for August 16, 2012 to determine the Piazza defendants' "supplemental petition for contempt" against Mr. Drauschak. On August 14, 2012, Mr. Drauschak filed a voluntary petition in bankruptcy under chapter 11. On August 16, 2012, the parties appeared in state court, and a transcript of that hearing has been submitted in connection with the instant motion.

From my review of the transcript, it appears that the state court correctly stated at the August 16th hearing that the bankruptcy stay under 11 U.S.C. § 362(a) only applied to the claims asserted against Mr. Drauschak, not the claims asserted by him. N.T. at 12; see Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1204-05 (3d Cir. 1991). Thus, Judge Cody stated that she would hold the contempt motion in abeyance, N.T. at 14-15, but added:

> I'm just telling you [plaintiff's counsel] right now it's a case
> that's been pending a long, long time, and its on the trial list
> for October. And that's what's going to happen to the case
> . . . . I'm just letting you know that the plaintiff is your client,
> and he sued all of these other folks, and filing bankruptcy
> doesn't stop his case.

N.T. at 13.

4

On August 20, 2012, Mr. Drauschak filed a notice of removal of the state court litigation with this court.  See 28 U.S.C. § 1452(a); Fed. R. Bankr. P. 9027; In re Seven Fields Development Corp., 505 F.3d 237, 247 n.8 (3d Cir. 2007).  The removed matter was docketed by the court clerk as Adv. No. 12-12-0544.  Thereafter, on September 4, 2012, the movants filed a joint motion for summary judgment, as did Sovereign Bank.  Also on September 4, 2012, in accordance with Federal Rule of Bankruptcy Procedure 9027(e)(3), various defendants, including the defendants who are movants herein, filed statements asserting that all claims in this removed proceeding are non-core and that they do not consent to the entry of a final judgment in this bankruptcy court.  See docket entries ## 9, 14-15, 17.[1]

On September 4, 2012, the Piazza defendants (and Sovereign Bank) filed motions for summary judgment.  These motions, opposed by the debtor, are still pending.  On September 6, 2012, the Piazza defendants filed the instant motion for remand/abstention.  Other defendants almost immediately joined their request to return this proceeding to state court.  And on September 7, 2012, the Piazza defendants filed a motion for the appointment of a chapter 11 trustee or, in the alternative, conversion of this case to chapter 7.  The September 7th motion was voluntarily withdrawn on October 12, 2012, prior to any response having been filed by the debtor.

---

[1]Defendants Richard Orlow, Vincent Piazza, Jr. and Daniel Piazza did not file Rule 9027(e) statements, based upon their May 2012 dismissal from the state court litigation.  At oral argument  Plaintiff's counsel stated that Mr. Drauschak disputes that he agreed to dismiss his claims against Mr. Orlow.

I.

Section 1452(a) of title 28 of the United States Code provides for the removal of claims related to pending bankruptcy cases. "[A] proceeding is 'related to' a Chapter 11 proceeding if the 'outcome of [the] proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 293-94 (3d Cir. 2012) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). The movants in this contested matter do not dispute that the instant state court lawsuit was properly removed to this bankruptcy court as related to Mr. Drauschak's pending chapter 11 case. The outcome of this litigation could affect the assets of the bankruptcy estate as well as the amount of the claims asserted against the debtor. See generally, e.g., In re Midgard Corp., 204 B.R. 764, 772 (B.A.P. 10th Cir. 1997) (removed state court litigation involving claims by the debtor and a counterclaim against the debtor was related to the pending bankruptcy case).

Although the plaintiff may have properly removed the state court litigation to this forum, section 1452(b) states that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." This subsection grants "broad discretion" to the bankruptcy court to remand a removed proceeding back to the state court from which it has been removed, or to deny the remand request. See, e.g., In re Micro Design, Inc., 120 B.R. 363, 366 (E.D. Pa. 1990); 1 Collier on Bankruptcy ¶ 3.07[6], at 3-82 (16th ed. 2012). The Piazza defendants, joined by other defendants, contend that remand is warranted. The debtor disagrees.

6

In general, among the factors to be considered by a court in determining whether equitable grounds to remand exist are:

1. the court's duty to decide matters properly before it;

2. plaintiff's choice of forum as between state and federal courts;

3. nature of the claim or claims, that is, whether purely state law matters which could be better addressed by the state court are involved;

4. prejudice to involuntarily removed parties;

5. comity considerations;

6. economical and/or duplicative use of judicial resources and

7. effect a remand decision would have on the efficient and economic administration of the estate.

Kurz v. EMAK Worldwide, Inc., 464 B.R. 635, 645-46 (D. Del. 2011) (quoting Gorse v. Long Neck, Ltd., 107 B.R. 479, 482 (D. Del. 1989)); see, e.g., see also 1 Collier on Bankruptcy, ¶ 3.07[6], at 3-83 (16th ed. 2012), identifying the relevant factors as including:

–forum non conveniens;

–a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court;

–a holding that a state court is better able to respond to a suit involving questions of state law;

–a situation in which trial had already been held in the state court, that court had issued its opinion, and all that remained for it to do was enter judgment;

–the expertise of the court in which the matter was pending originally, e.g., the Court of Federal Claims or the Court of International Trade.

7

(footnotes omitted).

In applying these general considerations, courts have noted that principles of abstention found in 28 U.S.C. § 1334(c) should be included in the matrix of equitable factors that are relevant to a determination of a motion to remand under section 1452(b). See, e.g., Christo v. Padgett, 223 F.3d 1324, 1331 (11th Cir. 2000); Shipley Garcia Enterprises, LLC v. Cureton, 2012 WL 3249544, at *13 (S.D. Tex. Aug. 7, 2012); In re Warren, 125 B.R. 128, 130-31 (E.D. Pa. 1991); In re Asousa, 264 B.R. 376, 381 (Bankr. E.D. Pa. 2001). Indeed, the Third Circuit Court of Appeals has instructed that the factors involving abstention should be considered prior to application of the more general principles of equitable remand:

> The defendants argue that § 1452(b) provides the exclusive means by which a federal court can remand a removed bankruptcy-related case. But section 1334(c)(2) does not purport to interfere with a court's authority to remand under § 1452(b). Rather, § 1334(c)(2) governs only whether a district court must abstain from hearing a case. Once a district court determines that it either must abstain from hearing a removed case pursuant to 1334(c)(2) or should abstain pursuant to 1334(c)(1)'s permissive abstention provisions, it can consider whether there is reason for the suit to proceed in state court. If so, there will be an "equitable ground" justifying remand under § 1452(b).

Stoe v. Flaherty, 436 F.3d 209, 215 (3d Cir. 2006).

Mandatory abstention is provided by 28 U.S.C. § 1334(c)(2), which states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

8

Under the terms of this provision, a bankruptcy court "must abstain if the following five requirements are met: (1) the proceeding is based on a state law claim or cause of action; (2) the claim or cause of action is 'related to' a case under title 11, but does not 'arise under' title 11 and does not 'arise in' a case under title 11, (3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case; (4) an action 'is commenced' in a state forum of appropriate jurisdiction; and (5) the action can be 'timely adjudicated' in a state forum of appropriate jurisdiction." Stoe v. Flaherty, 436 F.3d at 213.[2]

Discretionary abstention under 28 U.S.C. § 1334(c)(1) considers factors such as:

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of related non-bankruptcy proceedings; (5) the basis of the bankruptcy court's jurisdiction over the claim; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the

---

[2]The statute also requires that there be a timely motion to abstain. The state court civil action was removed to this court on August 20, 2012. The instant motion to remand or abstain was filed on September 6th, 17 days later. Mr. Drauschak does not argue that the movants' request to abstain was not timely made. See, e.g., Allen v. J.K. Harris & Co., LLC, 331 B.R. 634, 642 (E.D. Pa. 2005) ("Within the Third Circuit, motions to abstain and/or remand that were filed between 15 and 45 days after the filing of a notice of removal or adversary proceeding have been found to be 'timely filed.'"); J.T. Thorpe Co. v. Am. Motorists, 2003 WL 23323005, at *9 (S.D. Tex. June 9, 2003) (motion filed within 25 days of removal was held timely).

The plaintiff does maintain, however, that the movants' right to seek remand has been waived. See Plaintiff's Brief in Opposition, at 21-22. The waiver issue will be later addressed.

claim in bankruptcy court involves forum shopping; (11) the
existence of the right to a jury trial; and (12) the presence in
the proceeding of nondebtor parties.

Gilbert v. Ben Franklin Hotel Associates, 1995 WL 598997, at *1 (E.D. Pa. Oct. 10,

1995); see e.g., Matter of Chicago, Milwaukee, St. Paul & Pacific R. Co., 6 F.3d 1184,

1189 (7th Cir. 1993); Allen v. J.K. Harris & Co., LLC, 331 B.R. 634, 645 (E.D. Pa.

2005); In re Asousa Partnership, 276 B.R. 55, 74–75 (Bankr. E.D. Pa. 2002); see

generally Shared Network Users Group, Inc. v. WorldCom Technologies, Inc., 309 B.R.

446, 451 (E.D. Pa. 2004).  The application of section 1334(c)(1) is also within the

discretion of the bankruptcy court.  See, e.g., In re Colarusso, 382 F.3d 51, 57 (1st Cir.

2004); In re Greene, 1999 WL 689711, at *3 (E.D. Pa. Sept. 7,1999).


II.


        At the outset, I note that the movants contend that remand under section

1452(b) is justified because all of the elements of mandatory abstention found in section

1334(c)(2) are present.  In so contending, they have the burden to establish the presence

of those elements, including the requirement that the proceeding could be timely

adjudicated in state court.  See generally Stoe v. Flaherty, 436 F.3d at 219 n.5; In re

Midgard Corp., 204 B.R. 764, 778 (B.A.P. 10th Cir. 1997); J.D. Marshall Int'l, Inc. v.

Redstart, Inc., 74 B.R. 651, 654 (N.D. Ill. 1987).  In response, Mr. Drauschak disputes

that mandatory abstention applies because this adversary proceeding is a core matter, and

also because it cannot be timely adjudicated in state court.  Plaintiff's Brief in Opposition,

at 6.


10

A.

"Whether claims are considered core or non-core proceedings dictates not only the bankruptcy court's role and powers but also the availability of mandatory abstention. . . ." In re Exide Technologies, 544 F.3d 196, 206 (3d Cir. 2008).  The Third Circuit Court of Appeals has often instructed that a proceeding is classified as "core" under 28 U.S.C. § 157 "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."  In re Marcus Hook Development Park, Inc., 943 F.2d 261, 267 (3d Cir. 1991) (quoting Beard v. Braunstein, 914 F.2d 434, 444 (3d Cir. 1990), which, in turn, quoted Matter of Wood, 825 F.2d 90, 97 (5th Cir. 1987)); accord In re Winstar Communications, Inc., 554 F.3d 382, 405 (3d Cir. 2009); In re Exide Technologies, 544 F.3d  at 206; Stoe v. Flaherty, 436 F.3d at 216.[3]  Accordingly, "[i]f the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding . . . ."  In re Guild and Gallery Plus, Inc., 72 F.3d 1171, 1178 (3d Cir. 1996).

In general, when an adversary proceeding raises multiple claims, the various claims must be analyzed for bankruptcy jurisdictional purposes on a claim-by-claim basis.  Halper v. Halper, 164 F.3d 830, 839 (3d Cir. 1999); see In re Exide Technologies, 544 F.3d at 206; In re Mullarkey, 536 F.3d 215, 223 (3d Cir. 2008).  "A

---

[3]The Supreme Court in Stern v. Marshall, 131 S. Ct. 2594 (2011), did not alter this definition.  Rather, it held that Congress improperly classified as a core matter a purely state law counterclaim asserted by a debtor.  This counterclaim did not invoke a substantive right created by the Bankruptcy Code, nor could this counterclaim only arise in the context of a bankruptcy case.

single cause of action may include both core and non-core claims. The mere fact that a non-core claim is filed with a core claim will not mean the second claim becomes 'core.'" In re Exide Technologies, 544 F.3d at 206.

As mentioned earlier, all of the claims, cross-claims and counterclaims asserted in this adversary proceeding were based upon Pennsylvania law. None invoked a substantive right provided by the Bankruptcy Code; indeed, no such provision could have been invoked as there was no bankruptcy case pending in 2010 when the civil action commenced, or in 2011 when the plaintiff amended his complaint and the defendants' responses thereto were filed. Similarly, all of the claims, counterclaims and cross-claims could and did exist outside the context of a bankruptcy case. Indeed, the civil action was pending in state court for two years before Mr. Drauschak sought bankruptcy protection, and the amended pleadings were filed more than one year before the debtor's bankruptcy petition. See In re Exide Technologies, 544 F.3d at 207. Nonetheless, Mr. Drauschak argues that his claim for the imposition of a constructive trust under Pennsylvania law, and the Piazza defendants' similar counterclaim, are core claims that preclude the application of mandatory abstention.[4]

---

[4]Mr. Drauschak does not argue that any of his other claims are core matters. Theoretically, a partial remand is permissible. See, e.g., DVI Financial Services Inc. v. Cardiovascular Laboratories, Inc., 2004 WL 727105, at *2 (Bankr. E.D. Pa. Mar. 18, 2004) ("[A] bankruptcy court has the equitable power to remand some or all of the claims removed under § 1452(b).") (citing In re RBGSC Investment Corp., 253 B.R. 369 (E.D. Pa. 2000)). Therefore, as the plaintiff contends that none of his claims should be remanded, he implies that his claim for constructive trust implicates all of his other claims, and that it would be inefficient or inequitable to have one claim tried in this forum and all of the other claims tried in a state forum. As I do not find persuasive that his constructive trust claim is a core matter, I need not reach this implicit issue.

12

Under Pennsylvania law, a constructive trust is an equitable remedy primarily designed to prevent unjust enrichment.  Williams Tp. Bd. of Supervisors v. Williams Tp. Emergency Co., Inc., 986 A.2d 914, 922 (Pa. Cmwlth. 2009). "When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest equity converts him into a trustee." Id., at 922 (quoting Com. by Kane v. Hilton, 24 Pa. Cmwlth. 285, 288 (1976)); see also Ira G. Steffy & Son, Inc. v. Citizens Bank of Pennsylvania, 7 A.3d 278, 287 n.11 (Pa. Super. 2010).  "Generally, however, an equitable duty to convey property to another arises only in the presence of fraud, duress, undue influence, mistake, or abuse of a confidential relationship." In re Joey's Steakhouse, LLC,  474 B.R. 167, 184 (Bankr. E.D. Pa. 2012).

In Count XIII of this adversary proceeding, Mr. Drauschak alleged that "by buying all of the debt on the real properties [of various entities] and then foreclosing on such debt despite the existence of numerous other profitable opportunities available [to those entities]" the Piazza defendants were unjustly enriched, entitling Mr. Drauschak to the imposition of a constructive trust.  Second Amended Complaint, ¶ 358.[5]

The Piazza defendants disputed this contention in their state court answer, asserting that the assignment to them of the loans made by Sovereign and Susquehanna Banks was reasonable and justified given the existing loan guarantees.  In addition, Count II of  their counterclaims alleged that Mr. Drauschak wrongfully converted funds from certain entities, which were then used to make improvements on his residential property, entitling these defendants (acting derivatively on behalf of those entities) to the

---

[5]Mr. Drauschak also seeks a constructive trust against Mr. Orlow.  Second Amended Complaint, ¶ 359.  As noted earlier, however, Mr. Orlow was dismissed from the litigation in May 2012.

13

imposition of a constructive trust.  Piazza Defendants' Answer, New Matter,

Counterclaims and Crossclaims, ¶ 448.  Mr. Drauschak denied in his response to this

pleading that he wrongfully took any property from those entities.

        Before applying the definition of core matters, I note that the moving

defendants orally argued in support of remand that neither Mr. Drauschak nor they

themselves have asserted valid constructive trust claims under Pennsylvania law.  To the

extent both parties are, in essence, contending that actions complained of breached

various contractual agreements, "[t]he proper remedy for breach of contract, however, is

an award of damages at law, not the equitable remedy of constructive trust."  <u>Matter of

Bevill, Bresler & Schulman Asset Management Corp.</u>, 896 F.2d 54, 58 (3d Cir. 1990).

Similarly, to the extent that the Piazza defendants have not yet executed upon any

property interests of the plaintiff, and to the extent Mr. Drauschak no longer has the

challenged funds, the imposition of the equitable remedy of constructive trust may be

inappropriate.  <u>See</u> <u>Louis Dolente & Sons v. U.S. Fidelity and Guar. Corp.</u>, 252 F.

Supp.2d 178, 184 (E.D. Pa. 2003).

        If I assume <u>arguendo</u>, however, that the parties' allegations, if proven, may

lead to the imposition of a constructive trust under Pennsylvania law, Mr. Drauschak's

contention—that any constructive trust claim made by him, even one asserted prepetition,

is a core matter for purposes of bankruptcy subject matter jurisdiction—is unpersuasive.

While some courts have concluded that a claim of constructive trust <u>against</u> the debtor is

a core matter implicating 11 U.S.C. § 541(d), <u>see</u>, <u>e.g.</u>, <u>In re O'Brien</u>, 414 B.R. 92, 100

(S.D.W.Va. 2009), courts have recognized that a constructive trust claim made by a

debtor or bankruptcy trustee, based upon the defendant's prepetition conduct, is a state

14

law claim that falls outside the scope of a core proceeding. As observed by the Sixth

Circuit Court of Appeals:

> The relief sought by XL in its adversary proceeding is similar
> to that sought in its Tennessee suit—i.e., the recovery of
> $1,100,000. That alone, however, is not enough to transform
> the company's state law claim into a core proceeding. XL's
> Tennessee suit arises under the common law of Tennessee,
> not under federal bankruptcy law. Moreover, XL could have
> made the same claim before it filed for bankruptcy, just as it
> could have made the same claim if it had never gone
> bankrupt. And we note that a suit attempting to impose a
> constructive trust on allegedly stolen money is not among the
> core proceedings listed in § 157(b)(2). Because the outcome
> of XL's state law suit could have an effect on the bankruptcy
> estate, the suit does qualify as a proceeding "related to a case
> under title 11." See Browning, 283 F.3d at 773. But that
> does not make it a core proceeding exempt from the
> abstention requirement of § 1334(c)(2).

XL Sports, Ltd. v. Lawler, 49 Fed. Appx. 13, 20 (6th Cir. 2002); see, e.g., Schafer v.

Nextiraone Federal, LLC, 2012 WL 2281828 (M.D.N.C. June 18, 2012); In re Taub, 413

B.R. 81 (E.D.N.Y. 2009).

      In order to fall within the definition of a core proceeding, the debtor's (or

bankruptcy trustee's) prepetition, state law, constructive trust claim must, in essence, be

treated as a "turnover" claim under 11 U.S.C. § 542(b), and thus fall within the scope of

28 U.S.C. § 157(b)(2)(E). See Schafer v. Nextiraone Federal, LLC, 2012 WL 2281828,

at *6 n.11:

> The Trustee's constructive trust and equitable lien claims
> sound in state law. This proceeding is not one for turnover of
> a debt to the estate under 11 U.S.C. § 542(b), because that
> subsection is limited on its face to "property of the estate and
> that is matured, payable on demand, or payable on order." A
> turnover proceeding may qualify as core only when its
> purpose is collection rather than the creation, recognition, or
> liquidation of a matured debt. Porter–Hayden Co. v. First

State Mgt. Grp., Inc. (In re Porter–Hayden Co.), 304 B.R.
725, 731–32 (Bankr. D. Md. 2004).

In other words, where, as in this proceeding, issues of ownership of

property interests are subject to bona fide dispute, a prepetition, state law claim by a

debtor or bankruptcy trustee that the disputed property should be impressed with a

constructive trust is classified as a non-core matter, just like a turnover action involving

disputed property.  See In re Fairfield Sentry Ltd. Litigation, 458 B.R. 665, 672, 682-83

(S.D.N.Y. 2011) (among the claims found to be non-core was a state law claim for

constructive trust); see also, e.g., U.S. v. Inslaw, Inc., 932 F.2d 1467, 1472 (D.C. Cir.

1991) ("It is settled law that the debtor cannot use the turnover provisions to liquidate

contract disputes or otherwise demand assets whose title is in dispute."); In re Charter

Co., 913 F.2d 1575, 1579 (11th Cir. 1990); In re Joey's Steakhouse, LLC, 474 B.R. at

188; In re DHP Holdings II Corp., 435 B.R. 264, 271 (Bankr. D. Del. 2010); see generally

Beard v. Braunstein, 914 F.2d 434 (3d Cir. 1990):

> [A]n action [within the scope of 28 U.S.C. § 157(b)(2)(E)] is
> limited to property in the actual or constructive possession of
> the bankruptcy court.  Constructive possession
>
>> exists where the property was in the physical
>> possession of the debtor at the time of the filing
>> of the petition in bankruptcy, but was not
>> delivered by him to the trustee, where the
>> property was delivered to the trustee, but was
>> thereafter wrongfully withdrawn from his
>> custody; where the property is in the hands of
>> the bankrupt's agent or bailee; where the
>> property is held by some other person who
>> makes no claim to it; and where the property is
>> held by one who makes a claim, but the claim is
>> colorable only.

16

Id., at 444 (quoting <u>Taubel-Scott-Kitzmiller Co. v. Fox</u>, 264 U.S. 426, 432-33 (1924));

<u>Ohio v. Madeline Marie Nursing Homes No. 1 and No. 2</u>, 694 F.2d 449, 454 (6th Cir.

1982) (construing the former Bankruptcy Act of 1898 and concluding that a valid

turnover lawsuit requires a determination that the defendant's claim to possession of

property is pretextual).

  Therefore, I conclude, for purposes of mandatory abstention under 28

U.S.C. § 1334(c)(2), that all of the claims asserted by Mr. Drauschak, including his claim

of constructive trust, are non-core claims.  Similarly, none of the counterclaims and cross-

claims asserted by the Piazza defendants are core matters.


B.


  I further conclude that all of plaintiffs' claims, as well as the counterclaims

and cross-claims raised by the defendants, could be timely adjudicated by the state court.

Among the factors implicit in this element of mandatory abstention are:

> (1) the backlog of the state court's calendar relative to the
> federal court's calendar; (2) the complexity of the issues
> presented and the respective expertise of each forum; (3) the
> status of the title 11 bankruptcy proceeding to which the state
> law claims are related; and (4) whether the state court
> proceeding would prolong the administration or liquidation of
> the estate.

<u>Parmalat Capital Finance Ltd. v. Bank of America Corp.</u>  639 F.3d 572, 580 (2d Cir.

2011).  In applying these factors, the issue is whether an adjudication in state court would

be consistent with the "needs of the title 11 case and not solely by reference to the relative

alacrity with which the state and federal court can be expected to proceed."  <u>Stoe v.</u>

17

<u>Flaherty</u>, 436 F.3d at 219.  The relative speeds by which the state and bankruptcy courts would determine the claims asserted in an adversary proceeding depend upon a number of considerations, including:

> (1) backlog of the state court and federal court calendar; (2) status of the proceeding in state court prior to being removed (i.e., whether discovery had been commenced); (3) status of the proceeding in the bankruptcy court; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case; (6) whether a jury demand has been made; and (7) whether the underlying bankruptcy case is a reorganization or liquidation case.

<u>In re Midgard Corp.</u>, 204 B.R. at 778-79 (footnotes omitted).

Insofar as factors ##5 and 6 are concerned, when all parties do not consent to the entry of a final judgment by the bankruptcy court (as in this proceeding), then it must submit a recommendation to the district court that is subject to de novo review.  28 U.S.C. § 157(c)(1).  Similarly, when there is a right to trial by jury and all parties do not expressly consent to the bankruptcy judge presiding over the trial, <u>see</u> 28 U.S.C. § 157(e), then withdrawal of the reference to the district court under 28 U.S.C. § 157(d) is required. <u>See</u>, <u>e.g.</u>, <u>In re Cinematronics, Inc.</u>, 916 F.2d 1444 (9th Cir. 1990) (reference must be withdrawn where non-debtor defendant had right to jury trial and bankruptcy court had no authority to conduct jury trial); <u>Beard v. Braunstein</u>, 914 F.2d 434 (3d Cir. 1990) (same). The necessity of also involving the district court often will lengthen the final determination process of bankruptcy litigation, which may well support a finding that the state court would timely adjudicate the litigation.  <u>In re Midgard Corp.</u>, 204 B.R. at 778 n.17, 779 n.18.

In this contested matter, I note that: this chapter 11 case was just commenced; the proceeding involves only non-core claims for which the defendants have not consented to any final adjudication in this court; the defendants assert a (contested) right of trial by jury and have not expressly consented to this court presiding over that trial; the litigation has been pending before the state court for approximately two years; the discovery deadline set by the state court has passed; the state court has resolved a number of interlocutory motions and is likely quite familiar with this litigation; the outcome of the defendants' state law contribution cross-claims raised by some defendants against other defendants, although within the jurisdiction of the state court to resolve, would likely have no conceivable effect upon Mr. Drauschak's bankruptcy case and, therefore, would be outside the subject jurisdiction of this bankruptcy court, see, e.g., Matter of Walker, 51 F.3d 562, 569-70 (5th Cir. 1995); only state law issues are involved for which the state court has the greater expertise, see generally In re 9281 Shore Road Owners Corp., 214 B.R. 676, 696 (Bankr. E.D.N.Y. 1997); In re Abruzzo, 1999 WL 1271761, at *3 (Bankr. E.D. Pa. Dec. 28, 1999); and the state court judge stated twice, once in open court and once in a scheduling order, that she would treat the litigation as ready for trial in October 2012 (presumably if the litigation was not resolved by summary judgment motions due in September 2012).   Given Judge Cody's two-year familiarity with this litigation and her expressed intention to bring this litigation to trial in October 2012, it is clear that she can promptly resolve all dispositive motions and timely try all claims not summarily determined.

19

C.

As part of his argument that the state court could not timely adjudicate this
adversary proceeding, Mr. Drauschak argues that the movants have not sought relief from
the automatic stay, and would not be able to obtain such relief had it been sought, so that
their counterclaims cannot be adjudicated by the state court were this matter remanded.
Implicitly, he suggests that if the Piazza defendants' counterclaims will be determined in
this bankruptcy court as part of the claims resolution process, it is more efficient to have
the entire matter resolved in this forum as the material facts of the counterclaims are in
common with his claims.

The movants acknowledge that they have not sought relief from the
bankruptcy stay but consider such a motion premature until this court rules on their
motion for remand.  They state:

> Movants intend to file a Motion for Relief from Automatic
> Stay under Section 362(d)(l) with respect to their
> counterclaims against debtor immediately upon remand of this
> action to state court.  However, despite Debtor's attempt to
> "put the cart before the horse," the determination of whether
> the automatic stay should be lifted with respect to any party in
> interest, including Movants, is not ripe for disposition.

Defendants' Reply Brief, at 5 n.2 (unpaginated).

The plaintiff is correct that the Piazza defendants' counterclaims are stayed
by 11 U.S.C. § 362(a).   He is also correct that one intended purpose of the automatic stay
is to afford the debtor a respite from the time and expense of litigating with creditors.
E.g., Association of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d
446, 448 (3d Cir. 1982) ("The automatic stay is one of the fundamental debtor protections

20

provided by the bankruptcy laws.  It gives the debtor a breathing spell from his creditors.

It stops all collection efforts, all harassment, and all foreclosure actions.  It permits the

debtor to attempt a repayment or reorganization plan or simply to be relieved of the

financial pressures that drove him into bankruptcy.") (quoting H.R. Rep. No. 95-595, at

340 (1977)).

   If the creditor holds an unsecured claim, and if there is a dispute over the

amount or validity of the claim, that dispute generally can be resolved through the

bankruptcy court proof of claim process.  There is often no valid reason to have the claim

determined in another forum.  See, e.g., In re Stranahan Gear Co., Inc., 67 B.R. 834

(Bankr. E.D. Pa. 1986).  As one commentator has explained:

> Unsecured creditors have no property interests to protect so
> that relief from the stay under (d)(2) is never possible.  Their
> other concerns are usually unimportant against the stay
> because the bankruptcy will discharge the debts owed to
> them.  Essentially, these creditors' reasons for wanting relief
> from the stay contradict the fundamental purposes of the
> bankruptcy.  Typically, therefore, they lack "cause" for relief
> under [section 362](d)(1).

David Epstein, et al., Bankruptcy § 3-25, at 267 (1992).

   Mr. Drauschak overlooks, however, an important exception to the general

principle that unsecured creditors cannot demonstrate cause for relief from the automatic

stay.  "About the only halfway common reason to lift the stay for an unsecured creditor is

to permit liquidation of the claim in a forum that is substantially more appropriate than

the bankruptcy court, or because the debtor filed bankruptcy in bad faith."  Id.; see, e.g.,

In re Telegroup, Inc., 237 B.R. 87, 91-92 (Bankr. D.N.J. 1999); In re Cummings, 221

B.R. 814, 818-19 (Bankr. N.D. Ala. 1998); In re Curtis, 40 B.R. 795, 799-800 (Bankr. D.

Utah 1984).

For example, if there is a need to fix the amount of the allowed unsecured claim—because the administration of the bankruptcy case requires it—and if the claim would normally be determined by a specialized forum, it may be appropriate to allow that forum to fix the amount of the claim.  See generally In re Murdock Machine and Engineering Co. of Utah, 990 F.2d 567, 571 (10th Cir. 1993) ("Thus, when jurisdiction over disputed claims is placed by law in a specialized tribunal, we expect that the litigation over the trustee's claims to recovery will be conducted in that forum."); In re Lahman Manufacturing Co., Inc., 31 B.R. 195, 199 (Bankr. D.S.D. 1983).

More generally, the bankruptcy stay may be modified when there is an administrative need in the bankruptcy case to fix the amount of the claim and the claim dispute has been pending for considerable time in a non-bankruptcy forum.  Issues of comity and economy may dictate that the non-bankruptcy forum conclude the resolution of that dispute and the bankruptcy stay should be modified for such purpose.  See, e.g., S. Rep. No. 95-989, at 50 (1978) ("[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere."); In re Wilson, 116 F.3d 87, 91 (3d Cir. 1997) (quoting S. Rep. No. 989, 95th Cong., 2d Sess., at 50 (1978)); In re Brown, 951 F.2d 564, 570-71 (3d Cir. 1991) (owing to the state court's familiarity with the litigation, judicial economy supports the bankruptcy court's lifting of the automatic stay to allow the state court to fix the creditor's claim); see also, e.g., In re Castlerock Properties, 781 F.2d 159 (9th Cir. 1986); Matter of Holtkamp, 669 F.2d 505, 508 (7th Cir. 1982)  In re Olmstead, 608 F.2d 1365 (10th Cir. 1979); In re Marvin

Johnson's Auto Service, Inc., 192 B.R. 1008 (Bankr. N.D. Ala. 1996); In re Hoffman, 33

B.R. 937 (Bankr. W.D. Okla. 1983); In re Philadelphia Athletic Club, Inc., 9 B.R. 280

(Bankr. E.D. Pa. 1981); see generally In re Curtis, 40 B.R. at 800 (the automatic stay may

be lifted in the "interest of judicial economy and the expeditious and economical

determination of litigation for the parties."); 3 Collier on Bankruptcy, ¶ 362.07[3][a], at

362-106 (16th ed. 2012) ("And relief also may be granted when necessary to permit

litigation to be concluded in another forum, particularly if the nonbankruptcy suit

involves multiple parties or is ready for trial.") (footnote omitted).  This conclusion is

expressly noted in the legislative history surrounding the enactment of section 362(d)(1):

> The lack of adequate protection of an interest in property of
> the party requesting relief from the stay is one cause for relief,
> but is not the only cause.  As noted above, a desire to permit
> an action to proceed to completion in another tribunal may
> provide another cause . . . .  The facts of each request will
> determine whether relief is appropriate under the
> circumstances.

H.R. Rep. No. 95-595, at 343-44 (1977).

The factors supporting mandatory abstention, mentioned above, including

judicial economy, would also justify applying the aforementioned exception to modify the

automatic stay to permit the state court to adjudicate the entire dispute, including the

unsecured counterclaims raised by the Piazza defendants.  See Pursifull v. Eakin, 814

F.2d 1501, 1505-06 (10th Cir. 1987) (a decision to abstain constitutes cause for relief

from the automatic stay); In re Mid-Atlantic Handling Systems, LLC, 304 B.R. 111, 130-

31 (Bankr. D.N.J. 2003).  Resolution of the claims and counterclaims are necessary for

reorganization to occur in this court.  Moreover, the cost of litigation to the debtor would

be no greater (and possibly less, given the state court's greater familiarity with the

23

litigation, the need for a recommendation process in this forum, and the likely inability of this court to resolve the cross-claims) if trial took place in state court rather than in this court.  The evidence, burdens of proof, and witnesses would be identical.

I appreciate that, by virtue of 11 U.S.C. § 105(a), a bankruptcy court has the power to modify the automatic stay sua sponte.  See, e.g., In re McDowell, 2009 WL 536452, at *1 (Bankr. S.D. Fla. Feb. 23, 2009); In re Sanchez, 1997 WL 861753, at *2 n.6 (Bankr. E.D. Va. Nov. 7, 1997); In re Johnson, 210 B.R. 1004, 1006-07 (Bankr. W.D. Tenn. 1997); In re Missouri Properties, Ltd., 211 B.R. 914, 928-29 (Bankr. W.D. Mo. 1996); In re Elder-Beerman Stores Corp., 195 B.R. 1019, 1023 (Bankr. S.D. Ohio 1996) (and cases cited); see generally In re Wardrobe, 559 F.3d 932, 936 (9th Cir. 2009).  In light, however, of the Piazza defendants' intention to promptly seek an order modifying the bankruptcy stay, and so as to afford all parties the opportunity to address the precise terms of the modification of the stay, I shall not exercise my sua sponte powers.  Rather, I shall simply conclude that the bankruptcy stay will not preclude the state court from a timely adjudication of all claims posed by the present adversary proceeding, were this proceeding remanded, as relief from the stay to adjudicate the counterclaims is highly likely to be granted.

## D.

Therefore, the state court can timely adjudicate all of the claims, counterclaims and cross-claims raised in this adversary proceeding.  See, e.g., J.T. Thorpe Co. v. American Motorists, 2003 WL 23323005, at *3-*4 (S.D. Tex. June 9, 2003) (state

24

court issuance of "scheduling orders and a discovery control plan" along with an order "preferentially" setting a trial date demonstrated that there would be a timely adjudication in state court); Bevilacqua v. Bevilacqua, 208 B.R. 11, 16 (E.D.N.Y. 1997) (where a debtor removed a state court action against her the court found that all of the alleged claims were non-core, had already been commenced in state court, and had reached the stage of summary judgment and trial, thus could be adjudicated in a timely fashion).

Furthermore, as all of the other elements of mandatory abstention are present in this contested matter, it is appropriate to remand this adversary proceeding back to state court for its prompt determination by Judge Cody.  See, e.g., In re Midgard Corp., 204 B.R. at 780; California Public Employees' Retirement System v. Wachovia Capital Markets, LLC, 2009 WL 414647, at *5 (W.D. Pa. Feb. 18, 2009); Miller v. Santilli, 2007 WL 839981, at *6 (E.D. Pa. March 15, 2007); In re Talisman Marina, Inc., 385 B.R. 338, 342 (Bankr. M.D. Fla. 2008); In re Mid-Atlantic Handling Systems, LLC, 304 B.R. 111 (Bankr. D.N.J. 2003); In re Fulfer, 159 B.R. 921, 923 (Bankr. D. Id. 1993); see generally In re Grace Community, Inc., 262 B.R. 625, 630 (Bankr. E.D. Pa. 2001) (non-core, related matters with no federal claims must be remanded if the action has been commenced in state court, and can be timely adjudicated there).

III.

Alternatively, even if the Piazza defendants had not demonstrated that mandatory abstention was proven under 28 U.S.C. § 1334(c)(2), the undisputed facts in this contested matter demonstrate that the better exercise of discretion justifies permissive

25

abstention under section 1334(c)(1) and/or equitable remand to the state court under 28

U.S.C. § 1452(b).  See generally Barge v. Western Southern Life Ins. Co., 307 B.R. 541,

548 (S.D. W.Va. 2004) ("[I]t has been noted that virtually the same factors supporting

abstention under § 1334(c) support equitable remand under § 1452(b)."); In re

Trans-Service Logistics, Inc., 304 B.R. 809, 813 (Bankr. S.D. Ohio 2004) (equitable

remand under section 1452(b) "involves many of the considerations relevant to

discretionary abstention" under section 1334(c)(1)).

        As mentioned above, all of the claims, counterclaims and cross-claims in

this adversary proceeding arise under Pennsylvania law, claims which the state court has

greater expertise than this court in resolving.  See Shubert v. Roche Holding Ag, 157 F.

Supp.2d 542, 547 (E.D. Pa. 2001) (remand under section 1452(b) is warranted in part to

"heed to the maxim that state courts are better suited to handle state claims.").  Moreover,

the litigation had been pending in state court for approximately two years before its

removal, and so that forum is more familiar with the numerous legal and factual disputes

implicated in the litigation than is this bankruptcy forum.  For example, the state court is

also better able to decide whether, under Pennsylvania law, Mr. Drauschak is entitled to

relief from his stipulation to dismiss Mr. Orlow as a defendant.  The plaintiff also

challenges the defendants' demand for a trial by jury under state law, an issue which the

state court is most capable of resolving.  The state court, moreover, is in the best position

to decide if further discovery should be permitted despite the passage of its discovery

deadline.

        In addition, the presence of cross-claims that fall outside this court's subject

matter jurisdiction, the inability of this court to render a final decision under 28 U.S.C. §

26

157(c)(1), and the fact that Mr. Drauschak initially chose the state court as his forum are factors favoring discretionary abstention/remand. Also a factor is that the plaintiff's bankruptcy filing occurred just before a scheduled civil contempt hearing was to take place, and his notice of removal was filed four days after the state court had explained that his bankruptcy filing would not delay the prompt resolution of the claims he had asserted. Thus, the possibility of forum shopping is present.

Finally, this chapter 11 case has only recently commenced. Abstention/remand in favor of the state court would have limited effect upon the administration of this case. A determination of the plaintiff's ability to reorganize in bankruptcy requires that the claims in this proceeding be resolved. The state trial court will do so in a timely manner, at no additional expense, addressing state law issues well within that court's expertise.

Indeed, whether or not a jury trial is necessary, defendants' lack of consent to the entry of a final judgment in this forum also necessitates the involvement of the district court in the final adjudication of this adversary proceeding. In contrast, the state trial court has the power to enter final judgment. Therefore, final judgment in this proceeding may occur sooner in the state court system than in the federal bankruptcy system. See Seale v. Owens, 134 B.R. 181, 185 (E.D. La. 1991) (need for recommendation and trial de novo makes equitable remand appropriate).

These factors, taken together, support permissive abstention and/or equitable remand. See, e.g., Shiboleth v. Yerushalmi, 412 B.R. 113 (S.D.N.Y. 2009); Stahl v. Stahl, 2003 WL 22595288, at*4 (S.D.N.Y. November 7, 2003) (remand under § 1452 warranted because the litigation "involves exclusively matters of state law, and is

one of several related actions over which a single State court judge has been presiding for many years.  The State of New York has a strong interest in enforcing its laws, and there are no persuasive reasons not to allow it to do so."); In re Wolf, 2011 WL 4915841, at *2 (Bankr. D. Colo. Oct. 17, 2011); In re Almonacy, 2011 WL 13659 (Bankr. D.N.J. Jan. 4, 2011); see also In re Morris, 55 B.R. 615 (Bankr. N.D. Tex. 1985) (although litigation removed by the chapter 11 debtors included a constructive trust claim against them, which the court determined to be a core matter, remand was warranted where "substantial discovery" had been undertaken in state court and that court "had familiarized itself with the legal and factual issues to be determined.").

IV.

The last issue posed by Mr. Drauschak is whether the movants waived their right to seek abstention or remand.  Mr. Drauschak contends that the Piazza defendants' filing of a summary judgment motion in this court before moving for remand/abstention, and their filing a motion for the appointment of a chapter 11 trustee or conversion to chapter 7 after seeking remand/abstention, waived their right to seek a return of this litigation to state court, citing Koehnen v. Herald Fire Ins. Co., 89 F.3d 525 (8th Cir. 1996) and Lanier v. American Bd. of Endodontics, 843 F.2d 901 (6th Cir. 1988).

The appellate court in Lanier observed that " when a party undertakes affirmative action in the federal district court, she has acquiesced in the federal court's jurisdiction and waived objection to the removal."  Id., at 904.  The Lanier court affirmed the trial court's conclusion that waiver had occurred because "before filing her motion to

remand to the state court, plaintiff entered into stipulations, filed requests for discovery, sought to amend her complaint, filed a new lawsuit against the defendant in the federal court, demanded trial by jury, and proceeded with discovery." Id., at 905.

The appellate court in Koehnen noted that "[a] party that engages in affirmative activity in federal court typically waives the right to seek a remand, . . . particularly if the federal court has ruled unfavorably. . . ." Id., at 528 (citations omitted). In so noting, the Eighth Circuit affirmed the trial court's determination that such a waiver had taken place, stating:

> In this case, Koehnen affirmatively sought leave to file a new complaint in federal court. By the "mere filing of an amended petition," Koehnen "consented to accept the jurisdiction of the United States court." In re Moore, 209 U.S. 490, 496 . . . (1908) . . . . He then filed a motion to remand, but instead of seeking to withdraw or stay his prior motion until the remand motion could be decided, Koehnen vigorously briefed and argued his substantive motion. Only when Magistrate Judge Montgomery denied that motion—a ruling that was effectively a dispositive order—did Koehnen press the district court to remand. In these circumstances, if there was discretion to rule that the right to seek remand had been waived, the district court plainly did not abuse that discretion.

Id., at 528; see also In re AHT Corp., 265 B.R. 379, 384 (Bankr. S.D.N.Y. 2001):

> It would make a mockery of the "timely motion" requirement to permit defendants to litigate matters of substance on the merits in the bankruptcy court and, after receiving an adverse ruling, seek to transfer the litigation to a different venue. Section 1334(c) is subverted when it is employed as a litigation stratagem or tactic. The "timely motion" requirement precludes a defendant from essaying litigation in the bankruptcy court and, after a setback, invoking mandatory abstention under Section 1334(c)(2).

In Cook v. Wikler, 320 F.3d 431 (3d Cir. 2003), the Third Circuit Court of Appeals reviewed decisions such as Lanier and concluded that the issue whether a party

has waived its right to seek remand is within the discretion of the trial court, likening the

question to one of laches:

> Those cases [including <u>Lanier</u>] address whether district courts
> properly exercised their discretion in denying remand orders
> to which the parties seeking remand seemingly otherwise
> would have been entitled. . . .  These cases appear premised
> on avoiding unfairness or waste based on a judgment that the
> plaintiffs seeking remand had "waived a right to object to
> procedural irregularities" by unduly delaying their motions to
> remand.  <u>Lanier</u>, 843 F.2d at 905.  We do not read these cases
> to suggest that the equitable doctrine there applied—
> essentially a specific form of laches recognized by some
> Circuits to deny remand where a plaintiff has failed to
> diligently pursue its remand rights—completely divested
> those district courts of their authority to remand in those
> situations.  Laches is, of course, an affirmative defense to a
> claim, and the party asserting it bears the burden of proof. . . .
> The defense does not negate the claim itself, but estops the
> granting of the relief sought after a consideration of the
> equitable merits of the claim.

<u>Id.</u>, at 437-38 (citations and footnote omitted).

In maintaining that the Piazza defendants waived their right to remand or

abstention, Mr. Drauschak overlooks that the conduct of the Piazza defendants in this

forum is readily distinguishable from that supporting waiver in <u>Lanier</u> and <u>Koehnen</u>, and

that the issue of waiver is subject to trial court discretion.  In other words, the filing of a

pleading in federal court does not always constitute a waiver of the right to seek

abstention or remand by the party having filed the pleading.

For example, in <u>Cook v. Wikler</u>, 320 F.3d at 437, the district court

concluded that a party obtaining entry of default against a cross-claimant under Rule 55

and then opposing relief from the entry of such default, did not waive the right to seek

remand.  Similarly, in <u>Allen v. J.K. Harris & Co.</u>, LLC, 331 B.R. 634, 642-644 (E.D. Pa.

2005), <u>reconsideration denied</u>, 2005 WL 2902497 (E.D. Pa. November 2, 2005), the

district court held that a party did not waive her right to permissive abstention by filing a

"motion to withdraw the reference to this Court before filing her Motion to Remand, and

by using the federal court system (i.e., issuing subpoenas) to arrange for depositions on

the day after the Motion to Remand was filed.").

      In this contested matter, I also conclude that the Piazza defendants did not

waive their right to seek abstention/remand by filing their motion for summary judgment

and their motion for the appointment of a chapter 11 trustee or conversion to chapter 7.

      As to the latter motion, the Piazza defendants voluntarily withdrew their

request for the appointment of a trustee before the debtor ever filed a response to it.  No

hearing on the motion ever took place and there was no adverse ruling on the motion.

Thus, this withdrawn pleading does not justify a finding of waiver.

      As to the summary judgment motion, I note that Federal Rule of Bankruptcy

Procedure 9027(i) provides:

> When a claim or cause of action is removed to a district court,
> any attachment or sequestration of property in the court from
> which the claim or cause of action was removed shall hold the
> property to answer the final judgment or decree in the same
> manner as the property would have been held to answer final
> judgment or decree had it been rendered by the court from
> which the claim or cause of action was removed.  All bonds,
> undertakings, or security given by either party to the claim or
> cause of action prior to its removal shall remain valid and
> effectual notwithstanding such removal.  <u>All injunctions
> issued, orders entered and other proceedings had prior to
> removal shall remain in full force and effect until dissolved or
> modified by the court.</u>

(emphasis added).

      This procedural rule is derived from 28 U.S.C. §1450.  <u>See</u> Advisory

Committee Note (1983).  As the Supreme Court explained in construing section 1450:

31

> [T]he statute ensures that interlocutory orders entered by the
> state court to protect various rights of the parties will not
> lapse upon removal.  Thus attachments, sequestrations, bonds,
> undertakings, securities, injunctions, and other orders
> obtained in state court all remain effective after the case is
> removed to federal court.

Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 436 (1974).  Thus, unless modified by this court, as authorized by Rule 9027(i), all of the interlocutory orders issued by the state court remained in effect even after Mr. Drauschak removed the litigation to this court.  Among those interlocutory orders was a deadline for filing dispositive motions, such as a motion for summary judgment.  See Winstead v. Georgia Gulf Corp., 77 Fed. Appx. 267, 269-70 (5th Cir. 2003) (state court deadline for amending the complaint to add new parties "remained in full force and effect once the case was removed to federal court."); In re Ramirez, 2010 WL 1904270, at *5-*6 (Bankr. S.D. Tex. May 11, 2010) (state court order compelling discovery was in effect upon removal of litigation to bankruptcy court).

On May 14, 2012, the state court entered a revised scheduling order fixing, inter alia, a deadline for filing dispositive motions.  The deadlines in that scheduling order were not nullified by Mr. Drauschak's removal of the civil action to this forum.  To the extent that the Piazza defendants sought to comply with that scheduling order by filing a motion for summary judgment, they were acting defensively, seeking to protect their rights were this proceeding to remain in federal court.  As such, it would be inappropriate to conclude that the filing of the motion constituted any waiver.  See Allen v. J.K. Harris & Co., LLC, 2005 WL 2902497, at *2 (E.D. Pa. Nov. 2, 2005).

Therefore, I conclude that the Piazza defendants did not waive their rights under sections 1334(c) and 1452(b) to have this adversary proceeding returned to the state court for a final adjudication of the merits of all claims, counterclaims and cross-claims.

V.

In sum, the parties agree that one forum should hear and decide the numerous claims arising from the real estate development ventures undertaken by Mr. Drauschak and Mr. Piazza, Sr.  The plaintiff argues that this bankruptcy court is the appropriate forum; the Piazza defendants contend that the state court is more appropriate.

For the reasons set forth above, I conclude that the defendants have the much stronger position under 28 U.S.C. §§ 1334(c) and 1452(b).  Moreover, this conclusion is also consistent with congressional intent when, in 1978, Congress first enacted a statutory stay upon the commencement of a bankruptcy case, but recognized that judicial economy and comity may justify modification of this stay in order to permit a non-bankruptcy forum to complete prepetition litigation.

After pending for two years before the state court, this adversary proceeding should be remanded so that the state court can resolve promptly the merits of all of the Pennsylvania law claims, counterclaims and cross-claims.  An appropriate order will be entered, which shall also address the procedure for resolving any issues concerning modification of the bankruptcy stay.

_____
BRUCE FOX
United States Bankruptcy Judge

Dated: November 1, 2012

33